**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4011-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MARTI WOODWARD, a/k/a
MARTHA E. WOODWARD,

 Defendant-Appellant.

_____

    Submitted June 4, 2019 – Decided June 20, 2019

    Before Judges Fasciale and Gooden Brown.

    On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 16-11-1138.

    Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth Cheryl Jarit, Assistant Deputy Public Defender, of counsel and on the brief).

    Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from her conviction for fourth-degree operating a motor vehicle during a second or subsequent license suspension, N.J.S.A. 2C:40-26(b). The judge found aggravating factors three and nine, imposed a two-year probationary sentence, which the judge conditioned upon serving 270 days in jail, with a 180-day period of parole ineligibility. On appeal, defendant argues:

> POINT I
>
> FAILURE TO PROVIDE AN INSTRUCTION TO THE JURY LIMITING THE JURY'S USE OF THE MANY ADMITTED, OUT-OF-COURT STATEMENTS BY NON-TESTIFYING WITNESSES DENIED [DEFENDANT] DUE PROCESS AND A FAIR TRIAL. (Partially Raised Below).
>
> POINT II
>
> RESENTENCING IS REQUIRED BECAUSE THE COURT DOUBLE-COUNTED AND FAILED TO PROVIDE A STATEMENT OF REASONS IN FINDING THE TWO AGGRAVATING FACTORS, AND BECAUSE OF ERRORS CONTAINED WITHIN THE JUDGMENT OF CONVICTION.
>
> A. The trial court's finding of aggravating factor three double-counted . . . defendant's "use of alcohol," which is an element of the offense, and is otherwise unsupported by the record.
>
> B. The trial court failed to provide a statement of reasons for aggravating factor nine.

> C. A remand is required to correct the Judgment of Conviction, which states that the conviction and sentence were the result of a negotiated plea.

We affirm, but remand to correct a typographical error on the judgment of conviction.

An officer was behind a Mazda and decided to do a random license plate inquiry. He used his on-board computer system, entered the plate number, and learned that the license of the registered owner had been suspended. He pulled over the vehicle and, while still in his patrol car, he viewed the driver's license photograph of the person with the suspended license. He approached the Mazda, identified himself, and noticed that the driver of the Mazda – defendant – matched the photo of the person whose license was suspended.

Defendant gave the officer her credentials, but was unable to locate her license. After defendant confirmed she owned the Mazda, the officer checked if defendant had any outstanding warrants. He learned that her license had been suspended as part of a conviction for driving while intoxicated (DWI). At that time, the officer issued motor vehicle citations to defendant but did not arrest her, until after he reviewed her driving abstract. Upon reviewing the abstract, he learned that defendant's license had been suspended a second time – for ten years – as part of a conviction for refusing to submit to a breath test.

The State charged defendant with operating a motor vehicle during a period of license suspension for a second or subsequent DWI conviction, in violation of N.J.S.A. 2C:40-26(b), which provides:

> It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of [N.J.S.A.] 39:3-40, if the actor's license was suspended or revoked for a second or subsequent violation of [N.J.S.A.] 39:4-50 or section 2 of [N.J.S.A.] 39:4-50.4a. A person convicted of an offense under this subsection shall be sentenced by the court to a term of imprisonment.

To be convicted under the statute, the State must prove beyond a reasonable doubt:

> 1. That the defendant knowingly operated a motor vehicle;
>
> 2. That the defendant's license was suspended or revoked for . . . her
>
>  . . . .
>
> > (b) second or subsequent violation of [driving while intoxicated] or [refusal to submit to a chemical breath test]; and
>
> 3. That the defendant knew that . . . her license was suspended or revoked.
>
> [Model Jury Charges (Criminal), "Driving While License is Suspended or Revoked for DWI or Refusal to Submit to a Chemical Breath Test (N.J.S.A. 2C:40-26)" (rev. Apr. 11, 2016).]

4

Defendant contends that the judge erred by overruling objections to purported hearsay statements that she maintains the State used to prove the second and third elements of the offense. She argues further that the judge failed to give a related limited jury instruction (which defense counsel never requested). We conclude these contentions lack sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(2). We make the following brief remarks.

On appellate review of a trial court's evidentiary ruling, the decision will be upheld "absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment." State v. J.A.C., 210 N.J. 281, 295 (2012) (quoting State v. Brown, 170 N.J. 138, 147 (2001)). Thus, to overturn such a decision, the prior ruling must have been "so wide of the mark that a manifest denial of justice resulted." Ibid. (quoting State v. Marrero, 148 N.J. 469, 484 (1997)). We see no such abuse here.

The officer referenced three out-of-court statements during his testimony. First, that his motor vehicle computer system advised him defendant had a DMV violation and her license was suspended. Second, that central dispatch advised him they confirmed defendant's license was suspended for a DWI conviction. And third, that his on-call sergeant advised him not to arrest

defendant until they verified the number of DWI convictions she had. The statements are not hearsay because the State did not offer them for their truth. Rather, the State used them to explain what steps the officer took before charging defendant with the offense.

On appeal, defense counsel argues that the judge should have instructed the jury not to consider the statements for their truth. But no such request was made to the judge. The officer's reference to what these individuals said is not "clearly capable of producing an unjust result." R. 2:10-2. That is especially so because there existed overwhelming evidence of guilt, as evidenced by the State's documentary evidence consisting of three items to which the judge took judicial notice.

As to the first suspension, the judge admitted into evidence S-1, which is defendant's municipal court DWI conviction. S-1 verified defendant's DWI conviction, a two-year license suspension, and a disposition date of August 2013. As to the second suspension, the judge admitted into evidence two documents. S-2, which is the municipal court refusal conviction; and S-2A, which is a related court order and certification. S-2 verified defendant's refusal conviction, a ten-year license suspension, and a disposition date of June 2014. S-2A, which defendant signed, reflects that defendant received written and oral

6

notice as to the penalties for subsequent convictions for driving on the revoked list.

For these documents, the judge charged the jury that "you may but are not required to accept as established any fact which has been judicially noticed." As part of the full model jury charge, which the judge gave, on the subject of how to consider defendant's prior motor vehicle violations, the judge charged the jury:

> Normally, evidence of a defendant's prior motor vehicle violations is not permitted under our Rules of Evidence. This is because our rules specifically exclude evidence that a defendant has committed prior motor vehicle violations when it is offered only to show that she has a disposition or tendency to do wrong and, therefore, must be guilty of the present offense. However, our rules do permit such evidence when the evidence is used for some other purpose. In this case, the evidence has been introduced for the specific purpose of establishing an element of the present offense. You may not use this evidence to decide that defendant has a tendency to commit crimes or that she is a bad person; that is, you may not decide that[,] just because the defendant has committed prior motor vehicle violations[,] she must be guilty of the present crime. The evidence produced by the State concerning the prior motor vehicle convictions for driving while intoxicated or refusal to submit to a chemical breath test is to be considered only in determining whether the State has established its burden of proof beyond a reasonable doubt of the present offense.

A-4011-17T4

Defendant does not focus on this documentary proof. Instead, she focuses on the non-hearsay statements.

"Appellate review of sentencing decisions is relatively narrow and is governed by an abuse of discretion standard." State v. Blackmon, 202 N.J. 283, 297 (2010) (citing State v. Jarbath, 114 N.J. 394, 401 (1989)). We consider whether the trial court has "appl[ied] correct legal principles in exercising its discretion." Ibid. (alteration in original) (quoting State v. Roth, 95 N.J. 334, 363 (1984)). As part of our review, we must determine whether "the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record[.]" State v. Fuentes, 217 N.J. 57, 70 (2014). We will affirm the sentence if: "(1) the trial court followed the sentencing guidelines; (2) its findings of fact and application of aggravating and mitigating factors were 'based upon competent credible evidence in the record;' and (3) 'the application of the guidelines to the facts' of the case does not 'shock[] the judicial conscience.'" State v. A.T.C., 454 N.J. Super. 235, 254 (App. Div. 2018) (alteration in original) (quoting State v. Bolvito, 217 N.J. 221, 228 (2014)).

We are convinced that the judge adhered to the sentencing guidelines, there was no double counting, and that the record supports the judge's findings.

The sentence imposed is well within the judge's sentencing discretion and does not shock our judicial conscience.

We affirm the conviction, but remand to correct the judgment of conviction to reflect that this was a jury trial, not a guilty plea. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4011-17T4